UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL DAVIS SEMINARS, INC., Plaintiff, -v- EPIQUE INC., et al., Defendant. | 26-CV-04830 (JAV) ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Pending before this Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 22. Defendants shall file any opposition papers by **September 14, 2026**. Plaintiff shall file any reply papers by **September 28, 2026**.

It is hereby ORDERED that the evidentiary hearing with respect to Plaintiff's motion for a preliminary injunction will occur on Thursday, **November 12, 2026**, at 9:00am, in Courtroom 11B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. The hearing will begin promptly at 9:00am and end at 4:00pm.

By **November 1, 2026**, the parties shall file a Joint Pre-Hearing Order, including any and all information relevant to the hearing referenced in the Court's Individual Rules and Practices in Civil Cases (available at https://www.nysd.uscourts.gov/hon-jeannette-vargas) with respect to Joint Pre-Hearing Orders.

By **November 1, 2026**, the parties shall each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-hearing submissions, the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court and the Proposed Findings of Fact should be detailed and should include citations to the proffered

hearing testimony and exhibits. **The parties may not submit additional memoranda of law (before or after trial) without leave of Court.**

By **November 1, 2026**, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony). Additionally, Rule 615 of the Federal Rules of Evidence applies to the witness affidavits just as it would if the witnesses were providing live testimony in open court. That is, fact witnesses may not read any affidavit of another witness (unless and until the Court grants leave to do otherwise in accordance with Rule 615). It is counsel's obligation to ensure that witnesses are aware of, and comply with, that rule.

Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing. The original signed affidavits should be brought to the hearing to be marked as exhibits.

Three business days before the hearing, the parties shall provide the Court with all exhibits in accordance with Rule 3.C of the Court's Individual Rules and Practices for Hearings

and Trials, as well as a Microsoft Excel document listing all exhibits sought to be admitted, as specified in Rule 3.A.

SO ORDERED.

Dated: August 20, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge